**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JON WOODS-BEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:26-CV-182-ADA-DNM** |
| | § | |
| **JOHN MISCHTIAN, STEVEN** | § | |
| **GUEITS, KILLEEN CITY JAIL, and** | § | |
| **BELL COUNTY JAIL,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE REGARDING PLAINTIFF JON WOODS-BEY'S MOTION TO PROCEED IN
FORMA PAUPERIS AND ORIGINAL COMPLAINT [DKT. NO. 1]**

TO:   THE HONORABLE ALAN D. ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff Jon Woods-Bey's Motion to Proceed *in Forma Pauperis*. Dkt. No. 1. For the following reasons, the Court **RECOMMENDS** that the District Judge **DISMISS** this case for lack of subject matter jurisdiction.

**I. BACKGROUND**

On November 15, 2025, Officer Steven Gueits pulled Woods-Bey over for failing to stop at a stop sign. Dkt. No. 1-1 at 10. During the stop, Woods-Bey informed Gueits that he did not have insurance for his vehicle, nor did he have his driver's license with him. *Id.* at 12. Gueits discovered that Woods-Bey's license was suspended on April 24, 2024 and was suspended at the

time of the stop. *Id.* Gueits then arrested Woods-Bey for driving with an invalid license and without financial responsibility. *Id.*

On January 23, 2026, the Bell County District Attorney's Office charged Woods-Bey with driving with an invalid license and without financial responsibility, including a prior conviction or suspension, in violation of Texas Transportation Code Section 521.457(f)(f-1). *Id.* at 17. The charge is a Class B Misdemeanor. *Id.* As of February 3, 2026, the case is pending in Bell County Court of Law #2 at Case Number 26CCR00828. *Id.* at 9.

On March 20, 2026, Woods-Bey filed his Motion to Proceed *in Forma Pauperis*. Dkt. No. 1. Woods-Bey included a notice of removal, documentation on the pending criminal case, and several other Bell County public records filings from 2022. *Id.* at 1, 2–17, 20–47. Woods-Bey consistently refers to his federal court filing as a "notice of removal", and though he lists himself as plaintiff and the John Mischtian, Steven Gueits, Killeen City Jail, and Bell County Jail as defendants, the only case he claims to remove is the misdemeanor charge pending against him. *Id.* at 1; Dkt. No. 1-2 at 1; Dkt. No. 1-3.

## II. APPLICABLE LAW

A federal court must ensure it has subject matter jurisdiction over any case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Because federal court jurisdiction is limited, a federal court must presume that a suit falls outside its jurisdiction any time questions about jurisdiction are raised. *Id.* Moreover, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Id.* at 919. A district court is also required to remand a case if it determines that it lacks subject-matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Any doubts regarding jurisdiction should be

resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Consequently, even in the absence of a motion to remand, a court must review its subject matter jurisdiction and remand any case to state court if the court lacks subject matter jurisdiction. *See Howery,* 243 F.3d at 919.

The Constitution and Congress define the limits of federal subject matter jurisdiction. *Royal Cain U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). If neither the Constitution nor a federal statute confers jurisdiction for a particular kind of case, then the federal courts cannot hear that case. *See Weekly v. Marrow*, 204 F.3d 613, 615 (5th Cir. 2000). Removal jurisdiction is no different. *Royal* Cain, 604 U.S. at 27–28. Congress conferred removal jurisdiction on the federal courts through United States Code Title 28, Section 1441, and, in doing so, set forth the criteria for determining when removal jurisdiction applies. *Id.*

Removal jurisdiction applies to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). The Court has original jurisdiction over an action if the case either arises under federal law, or there is diversity of citizenship between the parties and an amount in controversy of more than $75,000. *Powers v. S. Cent. United Food & Com. Workers Unions & Emps. Health & Welfare Trust*, 719 F.2d 760, 763 (5th Cir. 1983); 28 U.S.C. §§ 1331–32. Essentially, if this case is one that could have originally been brought in federal court, a defendant can remove it to federal court. *See Powers*, 719 F.2d at 762–63. Those grants of jurisdiction, like all others, come from Congress. Importantly, Congress began both grants of jurisdiction with the following language: "The district courts shall have original jurisdiction of all *civil actions*[.]" 28 U.S.C. §§ 1331, 1332(a) (emphasis added). That a case removed to federal court or brought under its original jurisdiction

must be a "civil action" is a precise jurisdictional limit, and this Court must adhere to that limit. *See id.*; *see also Shamrock Oil & Gas Corp.*, 313 U.S. at 109.

Removal jurisdiction must be construed narrowly, and "[d]ue regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). If, at any point, the federal court determines that it lacks subject matter jurisdiction over an action, it is not authorized to resolve the case and "must hand it over" to the state courts. *Royal Cain*, 604 U.S. at 27–28; 28 U.S.C. § 1447(c).

### III. ANALYSIS

Here, Woods-Bey attempts to remove Case Number 26CCR00828, State v. Jon Larry Woods, from Bell County Court at Law #2 to federal court. Dkt. No. 1-3 at 1. By Woods-Bey's own admission, the underlying state court case is a criminal case. *Id.*; Dkt. No. 1-1 at 9. This Court, therefore, does not have and cannot exercise subject matter jurisdiction over Woods's case because the removal statute only applies to civil actions. 28 U.S.C. § 1441(a) ("Except as expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts have original jurisdiction, may be removed[.]") (emphasis added).

Because this Court lacks jurisdiction, it cannot address the merits of Woods-Beys's Motion or underlying complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Jurisdiction is a threshold inquiry that the Court must address before anything else in a case, and "when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* at 94 (quoting *Ex parte McCardle*, 74 U.S. (7

Wall.) 506, 514 (1868)).   Accordingly, the only function remaining to this Court is to announce that it lacks jurisdiction and dismiss the case.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Judge **DISMISS** this case for lack of subject matter jurisdiction.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 27th day of March, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE