# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JOHN MISCHTIAN, STATE OF TEXAS, KILLEEN POLICE DEPARTMENT, STEVEN GUEITS, KILLEEN CITY JAIL, AND BELL COUNTY JAIL,** | § § § § § § | No.  6:26-CV-00182-LS |
| *Plaintiffs*, | § § | |
| **v.** | § § | |
| **JON WOODS-BEY,** | § § § | |
| *Defendant.* | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

*Pro se* Defendant Jon Woods-Bey removed this case to federal court under diversity jurisdiction.[1] The case began as a Texas criminal prosecution for driving with an invalid license.[2] The Honorable Dan MacLemore issued a report and recommendation, recommending that the case be dismissed for lack of subject matter jurisdiction.[3] Mr. Woods-Bey filed an objection to the report and recommendation[4] so the Court conducts a *de novo* review.[5]

## I.    PROCEEDING *IN FORMA PAUPERIS*.

I grant Mr. Woods-Bey's motion to proceed *in forma pauperis* ("IFP")[6] because of the financial information contained within it.

---

[1] ECF No. 1-2 at 1.
[2] ECF No. 1-1 at 9.
[3] ECF No. 4.
[4] ECF No. 5.
[5] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[6] ECF No. 1.

## II.    LEGAL STANDARDS.

Mr. Woods-Bey's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

A complaint is frivolous if it lacks an arguable basis in law or fact.[8] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[9] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[10] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[12] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[13]

## III.    ANALYSIS.

Mr. Woods-Bey did not file a pleading stating "the grounds for the court's jurisdiction," "the claim showing that the pleader is entitled to relief," and "a demand for the relief sought," as

---

[7] 28 U.S.C. § 1915(e)(2)(B).
[8] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[9] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[13] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

required by Fed. R. Civ. P. 8(a). Even if he had, the Court agrees with the analysis of the Magistrate Judge that it lacks subject matter jurisdiction over Mr. Woods-Bey's case. Removal based on diversity jurisdiction or federal question jurisdiction applies only to "civil actions."[14] A criminal prosecution may be removed to federal court under 28 U.S.C. § 1443, but removal under this statute applies only to rights that are stated in terms of racial equality and not to generally applicable constitutional rights.[15] Mr. Woods-Bey does not provide any allegations that implicate the denial of his civil rights in terms of racial equality that would warrant removal under § 1443.

## IV.   NO LEAVE TO AMEND.

Defendant's claims have no arguable basis in fact or law. Therefore, the Court finds that he has pled his best case and denies leave to amend.[16]

## V.   CONCLUSION.

The Court **GRANTS** Defendant's motion to proceed *in forma pauperis* [ECF No. 1]. With no civil cause of action and no allegations sufficient to warrant removal under § 1443, the Court dismisses this case and **REMANDS** it to the County Court at Law 2, Bell County, Texas, with the following case number: 26CCR00828.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 28, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[14] 28 U.S.C. § 1441.
[15] *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).
[16] *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).